(33 South. 558.)

No. 14,517.

BERNARD v. GUIDRY.

(Feb. 2, 1903.)

FRAUDULENT CONVEYANCES—EVIDENCE—RE-
BUTTAL—DEPOSITIONS—REFUSAL
TO APPEAR.

1. In a suit to uncover property alleged to have been fraudulently put in the name of the defendant by the judgment debtor, statements of the defendant inconsistent with the affluent circumstances in which he would have been at the time the statements were made, if the property in question had really belonged to him, are relevant evidence.

2. Where on a second trial the testimony of the defendant taken on the former trial is re-offered in evidence, proof of contradictory statements made by the defendant is admissible as rebutting evidence.

3. Where a commission is sent to the proper officer in the parish of Orleans for taking the testimony of a witness, ample means are afforded by our law to compel the witness to testify in case he proves recalcitrant.

(Syllabus by the Court.)

Appeal from judicial district court, parish of Iberville; Edward B. Talbot, Judge.

Action by William L. Bernard, trustee, against Froisin Guidry. Judgment for defendant, and plaintiff appeals. Reversed.

Hébert & Hébert, for appellant. Moïse L. Levy and E. A. O'Sullivan, for appellee.

PROVOSTY, J. William L. Bernard, the trustee of the bankruptcy of Gustave Guidry, brings this suit against Froisin Guidry, the brother of the bankrupt. He alleges that the bankrupt and the defendant have fraudulently conspired together to conceal under the name of the defendant a large amount of property that should have been surrendered by the bankrupt; and he prays that the defendant be condemned to deliver up this property, or to pay the value thereof—$20,000.

The view we take of the case is that, however improbable, and even next door to incredible, the story of the defendant is, yet it might, after all, be true, and that the safer course to pursue is to send the case back, with directions to the trial court to admit the evidence that was improperly excluded.

The rule governing the admissibility of evidence in cases of this kind is stated in Louque's Digest as follows:

"In cases of fraud and simulation, conversations and admissions of the parties, even when not made in the presence of each other, their acts and actions, are admissible, leaving to the court and jury to determine from all the surrounding circumstances the weight and effect of such evidence." P. 244, h. I.

Plaintiff offered to prove that in August, 1901, the defendant made to A. K. Grace the following proposition: "To rent a place and get advances, and that he (Froisin) would make a crop of rice for him." This evidence was excluded on the ground that it did not come within the allegations of the petition. At the date mentioned, one or other of the brothers was the lessee of three rice plantations, with ample means to run them, and the crop of 1901 on these plantations was coming in, which netted to one or other of the brothers $16,000. One or other of the brothers was the well-off employer, and the other was the impecunious employé, and the sum and substance of the allegations of plaintiff's petition is that defendant was the employé. Coming from that one of the two brothers who was the employé, the above proposition would have nothing extraordinary about it, whereas, coming from that one who was the employer, it would be explicable only on the theory that at the time he made it the unfortunate rice planter had gone daft. It seems to us that the evidence would give rise to an inference in support of the allegation of the petition that the defendant was the employé, and that it falls clearly within that allegation.

The testimony of Leon Scharff to prove the admissions made by defendant should also have been received. It was clearly rebuttal. The case was being tried de novo. Both parties reoffered all the evidence they had offered on the first trial. When defendant was through doing this, and through offering his additional evidence, plaintiff tendered Scharff as a witness to prove the admissions in question. If, instead of reoffering the testimony taken on the first trial, defendant had been heard anew as a witness, we imagine no one would have said that his admissions contra-

dictory of his testimony were not admissible in rebuttal. No one would say that admissions of a defendant contradictory of his statements on the witness stand are not rebutting evidence. Because the plaintiff might have offered the admissions as part of his direct evidence is no reason why he should not have the right to offer them in rebuttal. In fact, to have proved these contradictory admissions as part of the direct evidence, in advance of the statements of the defendant on the witness stand, would have been to invert the natural order of things. The natural order was to let the defendant have his say before undertaking to contradict him.

The commission merchant who sold the rice crops, and made advances on them, refused to testify in the case when called upon by the notary to whom a commission had been sent by plaintiff to take his testimony. Proof of this refusal was correctly ruled out. Ample means are at the command of the plaintiff to compel this recalcitrant witness to testify. Code Prac. art. 425; Const. art. 134.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the case be remanded, to be proceeded with according to the views herein expressed; the defendant to pay the costs of this appeal, and the costs of the lower court to await the final determination of the case.